ORDER
GRITT, JUDGE:
An application of the claimant, Jeremy B. Robinson, for an award under the West Virginia Crime Victims Compensation Act, was filed May 12, 2006. The report of the Claim Investigator, filed June 26,2006, recommended that no award be granted, to which the claimant filed no response. An Order was issued on September 11,2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed October 10, 2006. This matter came on for hearing November 8,2006, claimant appearing in person and by counsel, Stephen E. Hastings, and the State of West Virginia by counsel, Benjamin F. Yancey HI, Assistant Attorney General.
On July 17, 2005, the 24-year-old claimant was the victim of criminally injurious conduct in Mammoth, Kanawha County. The claimant was getting ready to leave a gathering in Goose Hollow when he was attacked by Alvin Richards, who struck him in the face, knocking him to the ground.
In its initial Order, this Court denied an award because the criminal case was dismissed in Kanawha County Magistrate Court for failure of the claimant to appear at the hearing. W.Va. Code §14-2A-14(d) states, in part: “A judge or commissioner, upon a finding that the claimant or victim has not fully cooperated with appropriate law-enforcement agencies, or the claim investigator, may deny a claim... .” This Court has held that a claimant’s failure to appear for proceedings against an offender constitutes “failure to cooperate with law-enforcement agencies” within the meaning of the statute.
At the hearing of this matter, the claimant testified that he was unaware of the magistrate court hearing because he never received notice of the date or time. He indicated that he would have appeared because he does not have the money to pay the medical bills resulting from the attack.
No evidence was presented to counter the claimant’s assertion that he did not receive notice to appear in magistrate court. In a county as large as Kanawha, it is reasonable that such an oversight, if any, could occur.
Based on the foregoing, an award of SI,445.53 is hereby granted for payment of the claimant’s unreimbursed allowable expenses pursuant to the Claim Investigator’s memorandum of November 9,2006. Should the claimant later submit documentation of any additional unreimbursed allowable expenses relating to this incident, the matter will again be reviewed by the Court.